

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00398-CR

**ALBERT LEE FUENTES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 110th District Court
Dickens County, Texas
Trial Court No. 2560, Honorable William P. Smith, Presiding

June 10, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Albert Lee Fuentes, appeals his convictions for two counts of sexual assault of a child[1] and resulting sentences of forty and fifty years' incarceration. The sentences were ordered to be served consecutively. Appellant contends that the evidence is insufficient to support his convictions. We affirm the trial court's judgment.

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2).

**BACKGROUND**

Appellant, who was in a dating relationship with the complainant's mother, lived in the same house as the fourteen-year-old complainant. Near midnight on November 12, 2021, the complainant's mother woke up and noticed that Appellant was not in bed or the bathroom. She went to the complainant's room and discovered Appellant there. Appellant was on the complainant's bed with his penis in the complainant's mouth. The mother called 9-1-1. The complainant told her mother that Appellant had been raping her for the past couple of years. The complainant was taken to the hospital where a sexual assault examination was performed. Appellant was indicted alleging two counts of sexual assault of a child.

At trial, the complainant testified about numerous instances when Appellant would sexually abuse her. She specifically testified that Appellant would rub her vagina, force her to perform oral sex on him, and penetrate her vagina and anus with his penis. The complainant's mother testified about walking in on Appellant with his penis in the complainant's mouth and about the various outcries that the complainant made on the way to the hospital. The SANE nurse also testified about the many instances of abuse that the complainant reported as part of the sexual assault examination. DNA testing of a swab taken of the complainant's breast indicated the presence of Appellant's DNA. Appellant testified on his own behalf and denied that he had ever assaulted the complainant or even put his hands on her. When Appellant was asked about the events leading to the police being called on November 12, 2021, he testified that he did not see anything and did not know why the police were called. A jury returned a verdict finding Appellant guilty of both counts of sexual assault of a child. After Appellant pleaded true

to three enhancement allegations, the trial court sentenced Appellant to forty and fifty years' incarceration and ordered that the sentences be served consecutively. Appellant timely appealed raising the sole issue of the sufficiency of the evidence to support his conviction.

## LAW AND ANALYSIS

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are also required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will

defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

A person commits the offense of sexual assault of a child if, regardless of whether the person knows the age of the child at the time of the offense, the person intentionally or knowingly: (A) causes the penetration of the anus or sexual organ of a child by any means; (B) causes the penetration of the mouth of a child by the sexual organ of the actor; (C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; (D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or (E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor. TEX. PENAL CODE ANN. § 22.011(a)(2). In this case, the indictment alleged that Appellant intentionally or knowingly caused his sexual organ to penetrate the complainant's mouth (Count One) and caused his sexual organ to penetrate the sexual organ of the complainant (Count Two).

The entirety of Appellant's challenge to the sufficiency of the evidence is that he explicitly denied sexually assaulting the complainant and the complainant did not tell anyone about the ongoing sexual abuse. However, the jury heard testimony that Appellant committed multiple instances of sexual assault over the course of several years from the complainant, the complainant's mother, and the SANE nurse. The complainant's mother also testified that she personally witnessed Appellant with his penis in the complainant's mouth on November 12, 2021. Further, DNA testing revealed that Appellant's DNA was found on the complainant's breast. While Appellant did testify that

4

he never touched or assaulted the complainant, he was unable to explain why the police were called to the residence on November 12, 2021.

When, as here, there is conflicting evidence, we must presume that the jury resolved the conflict in favor of the verdict. *Carr v. State*, 477 S.W.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (citing *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)). This is because the jury is the exclusive judge of the facts proved and of the weight to be given to testimony. TEX. CRIM. PROC. ANN. art. 38.04; *Read v. State*, 698 S.W.3d 56, 61 (Tex. App.—Amarillo 2024, pet. ref'd) (citing *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013)). Because the jury's resolution of the conflicting evidence in this case turned on its determination of the credibility and weight to be afforded to witness testimony, the evidence is sufficient to support the jury's convictions of Appellant for sexual assault of a child. *See Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016) ("Because we will not second-guess the jury's assessment of the credibility and weight of witness testimony, and because we defer to the jury's resolution of conflicting inferences, Balderas's allegations that Wendy's testimony was false and not credible play no part in our review of the sufficiency of the evidence").

We overrule Appellant's sole issue and affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.

5